101 F.3d 703
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel Douglas SWANSON, Defendant-Appellant.
 No. 96-5383.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1996.
 
 Before: KEITH, MERRITT, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 This is a direct appeal from a criminal conviction in which the only issue raised concerns the application of the sentencing guidelines. The parties waived oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1995, Daniel Swanson was named in a superseding indictment in connection with an altercation he had with a United States Forest Service Officer within the Tennessee boundaries of the Cherokee National Forest. Swanson was thereafter tried to a jury and found guilty of assaulting a Department of Agriculture law enforcement officer with a dangerous weapon, in violation of 18 U.S.C. § 111(a) and (b), and of fleeing and attempting to elude a law enforcement officer, in violation of 18 U.S.C. § 13. The court sentenced Swanson to an aggregate 84 month term of incarceration and this appeal followed. The parties have briefed the issues. The parties agree that this appeal presents a pure question of law in the application of a guideline enhancement to undisputed facts. This court reviews a district court's application of the guidelines de novo. United States v. Wright, 12 F.3d 70, 72 (6th Cir.1993). A de novo examination of the record and law reflects the meritless nature of the appeal.
 
 
 3
 On July 8, 1995, Forest Service Officer Thomas Ennist was on patrol in the Cherokee National Forest when he saw Swanson walking unsteadily down a park roadway carrying a cup of beer. Officer Ennist stopped Swanson and asked him for some personal identification. Swanson produced the requested identification but then fled the encounter in his truck, driving so recklessly that three children were forced to jump from a bridge into the water. Swanson stopped suddenly and fled on foot. When Officer Ennist tried to apprehend Swanson, Swanson swung a large rock in an effort to hit the officer in the head. Swanson was later apprehended.
 
 
 4
 The jury convicted Swanson of both counts charged in the indictment and the matter was set for sentencing. Swanson's base offense level was thereafter calculated in part with a 3 level "official victim" enhancement pursuant to USSG § 3A1.2. Counsel for Swanson objected to this as an improper "double counting" of an offense characteristic and the district court overruled the objection. On appeal, counsel for Swanson reiterates his objection to the USSG § 3A1.2 enhancement as being essentially duplicative of the underlying offense (18 U.S.C. § 111) of assaulting a federal official.
 
 
 5
 Swanson was convicted of violating the provisions of 18 U.S.C. § 111(a) and (b). This statute provides generally for criminal penalties for accosting a present or former federal officer performing the duties of his office. The penalties provided are from 1 to 10 years imprisonment, depending on the circumstances of the encounter. The base offense level for one convicted of violating § 111 is calculated initially with reference to one of two different assault provisions of the guidelines, depending on the specific offense characteristics. An offense that sounds in aggravated assault draws a base offense level of 15 pursuant to USSG § 2A2.2; an offense involving lesser physical contact means that the offender's base offense level is 6 pursuant to USSG § 2A2.4. Neither section makes mention of the status of the victim; Chapter Two is concerned with offense conduct only. It is not seriously contested that Swanson's assaultive behavior included an attempt to strike Officer Ennist in the head with a large rock. Swanson's base offense level was thus properly computed with reference to § 2A2.2.
 
 
 6
 A convicted defendant's base offense level is also calculated with reference to any applicable victim-related adjustments in Chapter Three of the guidelines. USSG § 3A1.2 mandates a 3 level increase in the base offense level of an individual if
 
 
 7
 (a) the victim was a government officer or employee ..., and the offense of conviction was motivated by such status; or
 
 
 8
 (b) during the course of the offense or immediate flight therefrom, the defendant ..., knowing or having reasonable cause to believe that a person was a law enforcement ... officer, assaulted such officer in a manner creating a substantial risk of serious bodily injury.
 
 
 9
 Counsel for Swanson does not dispute that, if the methodology set forth above is proper, his client's base offense level was properly computed. Counsel instead argues that the methodology "double counts" the status of the victim. Counsel for Swanson notes that there is no Sixth Circuit authority directly on point for his "double counting" argument, but he also concedes that every other circuit that has considered this issue has rejected it. See, e.g., United States v. Sorensen, 58 F.3d 1154, 1160 (7th Cir.1995) (and cases cited therein). In addition, the Sixth Circuit recently acknowledged the guideline amendment, effective November 1, 1993, mandating that adjustments from different guideline sections are to be applied cumulatively, thus eliminating any "double counting" exception that hitherto existed. United States v. Perkins, 89 F.3d 303, 309 (6th Cir.1996). There is no reason appearing of record or law to invalidate the sentencing decision on appeal.
 
 
 10
 Accordingly, the district court's judgment is affirmed.